**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| McKesson Medical-Surgical Inc., <br> Plaintiff, <br> v. <br> Custom Glass and Synthetic Design, LLC, <br> Defendant. | No. CV-21-01471-PHX-DGC <br><br> **ORDER AND DEFAULT JUDGMENT** |

Plaintiff McKesson Medical-Surgical sued Defendant Custom Glass and Synthetic Design to recover a sum of money owed to Plaintiff for goods sold to Defendant. Doc. 1. Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff has filed a motion for default judgment against Defendant. Doc. 11. For reasons stated below, default judgment is appropriate and will be entered in the amount of $355,628.46.

**I.   Background.**

Plaintiff alleges that, between November 2020 and January 2021, Defendant purchased pharmaceutical products from Plaintiff pursuant to a credit application and a series of invoice agreements. Doc. 1 ¶¶ 8-9; *see id.* at 8-67 (application and invoices). Plaintiff further alleges that Defendant has failed to make the invoice payments when due and therefore is in breach of the parties' agreements. *Id.* ¶ 10. Plaintiff seeks damages in the amount of $355,628.46 – the total due for all unpaid invoices. *Id.*; *see id.* at 71-72 (final account statement). Plaintiff seeks to recover the $355,628.46 based on the following

claims: (1) breach of contract, (2) goods sold and delivered, (3) reasonable value, (4) money due, and (5) account stated. *Id.* ¶¶ 8-25.

Defendant was served with the summons and complaint on August 31, 2021 (Doc. 7), but has not appeared in this action. Pursuant to Rule 55(a), the Clerk entered Defendant's default on October 5. Doc. 10. Plaintiff filed its motion for default judgment on November 11. Doc. 11. Defendant has filed no response and the time for doing so has expired. *See* Fed. R. Civ. P. 6; LRCiv 7.2(c).

## II. Default Judgment.

After the clerk enters default, the district court may enter a default judgment pursuant to Rule 55(b)(2). *See Brooke v. Sai Ashish Inc.*, No. 1:21C-cv-00967-AWI-SAB, 2021 WL 4804220, at *5 (E.D. Cal. Oct. 14, 2021) (explaining that default judgment "is a two-step process: an entry of default judgment must be preceded by an entry of default"). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court it is not required to make detailed findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider the following factors: (1) possible prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) potential factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As the party seeking default judgment, Plaintiff "bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Ronald Norris v. Shenzhen IVPS Tech. Co.*, No. CV-20-01212-PHX-DWL, 2021 WL 4844116, at *2 (D. Ariz. Oct. 18, 2021).

### A. Prejudice to Plaintiff.

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor favors default judgment where the defendant fails to answer

the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Marquez v. Chateau Hosp., Inc.*, No. CV-20-0107 FMO (RAOx), 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020); *see PepsiCo*, 238 F. Supp. 2d at 1177 (same).

Despite being served with process, Defendant has not answered or otherwise responded to the complaint. If default judgment is not entered, Plaintiff likely will be without other recourse. The first *Eitel* factor weighs in favor of default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint.

These *Eitel* factors are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021) (citation omitted); *see SCF RC Funding I, LLC v. GKRM, Inc.*, No. CV-21-00658-PHX-DLR, 2021 WL 3290530, at *2 (D. Ariz. Aug. 2, 2021) (explaining that these *Eitel* factors favor default judgment where "the complaint sufficiently states a plausible claim for relief under the pleading standards of Rule 8"). The Court must accept the allegations of the complaint as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Accepting the complaint's allegations as true, the Court finds that Plaintiff has adequately stated claims for relief. *See* Doc. 1 ¶¶ 8-25; *see also* Doc. 11 at 7-10 (setting forth the elements and legal authority for each claim); *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages.") (citation omitted); *Broadband Dynamics, LLC v. SatCom Mktg., Inc.*, 418 P.3d 1055, 1058 (Ariz. Ct. App. 2018) ("A cause of action to recover on an open account arises from 'a contract between the parties for work done or material furnished.' To recover on an open account, the plaintiff must meet its burden to prove 'the correctness of the account and each item thereof.'") (citations omitted); A.R.S. § 47-2305(A) ("The parties if they so

intend can conclude a contract for sale even though the price is not settled. In such a case the price is a reasonable price at the time for delivery[.]"); *Ranch House Supply Corp. v. Van Slyke*, 370 P.2d 661, 665 (Ariz. 1962) ("The order or request for shipment of goods to the person making the request standing alone, implies a promise to pay therefor. . . . If the price is not agreed upon . . . then the person ordering or requesting the shipment of goods impliedly promises to pay the reasonable value of the merchandise requested and shipped."); *Ruse v. Williams*, 130 P. 887, 888 (Ariz. 1913) (an action of assumpsit for money due "is founded upon what the law terms an implied promise on the part of the defendant to pay what, in good conscience, he is bound to pay to the plaintiff"); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1404 (9th Cir. 1996) ("Under Arizona law, an account stated occurs when persons with an open and running business account mutually agree to settle and strike a balance.") (citing *Ralston v. Morgan*, 73 P.2d 94, 95 (Ariz. 1937)). The second and third *Eitel* factors favor default judgment.

### C.     Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Defendant's alleged failure to pay Plaintiff for the goods received is a serious breach of the parties' agreements. But the amount of money at stake – more than $350,000 – is nonetheless substantial. The Court concludes that this factor weighs against default judgment. *See Bd. of Trustees of Sheet Metal Workers Loc. 104 Health Care Plan v. Vigil*, No. C 07-01508 WHA, 2007 WL 3239281, at *2 (N.D. Cal. Nov. 1, 2007) (noting that "default judgment is disfavored if there were a large sum of money involved"); *J & J Sports Prods., Inc. v. Cardoze*, No. C 09-05683 WHA, 2010 WL 2757106, at *5 (N.D. Cal. July 9, 2010) (explaining that "a large sum of money at stake," such as the request for $114,200 in damages, "would disfavor default judgment").

/ / /

/ / /

/ / /

- 4 -

### D. Potential Factual Disputes.

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021) (citing *Eitel*, 782 F.2d at 1471-72). Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts." *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action."). The fifth *Eitel* factor supports default judgment.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff has filed an affidavit showing proper service of process on Defendant under Federal Rule of Civil Procedure 4(h). *See* Doc. 7. It therefore is "unlikely that [Defendant's] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This factor weighs in favor of default judgment.

### F. Policy Favoring Decisions on the Merits.

Cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. at 1177. Because Defendant's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible," *Gemmel*, 2008 WL 65604, at *5, this factor favors default judgment.

### G. Conclusion.

All but one of the *Eitel* factors favor default judgment. Considering the factors as a whole, the Court concludes that default judgment is appropriate. The Court will enter default judgment against Defendant and award Plaintiff $355,628.46 in damages – the

amount of money Defendant owes Plaintiff under their invoice agreements. *See* Docs. 1 at 10-72, 11 at 12.

**IT IS ORDERED:**

1. Plaintiff McKesson Medical-Surgical Inc.'s motion for default judgment (Doc. 11) is **granted**.

2. Default judgment is entered in favor of Plaintiff and against Custom Glass and Synthetic Design, LLC in the amount of **$355,628.46**.

3. Plaintiff shall file its application for attorneys' fees within 14 days of this order and judgment.

Dated this 23rd day of December, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge